# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

MAURINE MOLAK AND MATTHEW MOLAK,

 *Petitioners*,

   v.

FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,

 *Respondents*.

No. 23-60641

On Petition for Review of an Order of
the Federal Communications Commission

## RESPONDENTS' MOTION TO HOLD CASE IN ABEYANCE

   Pursuant to Fed. R. App. P. 27, respondents Federal Communications Commission and the United States request that the Court hold this case in abeyance pending the Supreme Court's decision in *U.S. Nuclear Regulatory Commission, et al., v. State of Texas*, No. 23-1300.  The Supreme Court's decision in that case may invalidate petitioners' sole basis for asserting that this Court can review their petition, and require this Court to grant respondents' pending motion to dismiss.  To avoid a potentially needless expenditure of judicial and litigation resources, this Court should grant the requested abeyance.

1. On February 6, 2024, respondents moved to dismiss the petition for review. *See* Federal Respondents' Motion to Dismiss and to Suspend Merits Briefing, Dkt. 33 (Feb. 6, 2024). The petition for review invoked the Court's jurisdiction under the Administrative Orders Review Act, or "Hobbs Act." *See* Petition for Review at 1, Dkt. 1 (Dec. 20, 2023) (citing 47 U.S.C. § 402(a) and 28 U.S.C. § 2342(1)). Under the Hobbs Act, only a "party aggrieved" may file a petition for review of a final FCC order. 28 U.S.C. § 2344; *see* Brief for Respondents at 26-28, Dkt. 97 (June 3, 2024). Petitioners did not participate in the agency proceedings and are not, and have never claimed to be, "part[ies] aggrieved," as required by Section 2344 of the Hobbs Act. *See id.*

Instead, invoking this Court's decision in *Texas v. Nuclear Regulatory Commission*, 78 F.4th 827, 839 (5th Cir. 2023), *reh'g denied*, 95 F.4th 935 (2024), petitioners argued that this Court has recognized an "exceedingly narrow" exception to Section 2344 allowing review of arguments by persons who were not parties to the agency proceedings alleging an agency action is *ultra vires*. *See* Petitioners' Response to Motion to Dismiss at 7, Dkt. 41 (Feb. 9, 2024) (quoting *Texas*, 78 F.4th at 839).

On February 22, 2024, the Court issued an order carrying the respondents' motion with the case to the merits panel. Order, Dkt. 59-2 (Feb. 22, 2024). The motion remains pending.

2. On March 14, 2024, the Court denied, by a 9-7 vote, the government's petition for rehearing en banc in *Texas*. *See Texas v. NRC*, 95 F.4th 935 (5th Cir. 2024) (en banc).

3. On June 12, 2024, the Solicitor General, on behalf of the United States and the Nuclear Regulatory Commission, filed a petition for certiorari seeking the Supreme Court's review of *Texas*. The first question presented is "[w]hether the Hobbs Act, 28 U.S.C. 2341 *et seq.*, which authorizes a 'party aggrieved' by an agency's 'final order' to petition for review in a court of appeals, 28 U.S.C. 2344, allows nonparties to obtain review of claims asserting that an agency order exceeds the agency's statutory authority." Petition for Certiorari at (I) (Attachment A).

4. On October 4, 2024, the Supreme Court granted the government's petition for certiorari to review the judgment of this Court in *Texas*. *See NRC v. Texas*, No. 23-1300 (*cert. granted* Oct. 4, 2024) (Attachment B). If the Court concludes in that case that the Hobbs Act

does not allow nonparties to obtain review of claims asserting that an agency order exceeds the agency's statutory authority, petitioners will have no basis for seeking judicial review under the Hobbs Act, and this Court must grant the Commission's pending motion to dismiss.

In light of that possibility, this Court should hold this case in abeyance pending the Court's decision in *NRC v. Texas*. The proposed abeyance would enable this Court to decide respondents' pending motion to dismiss with the benefit of the Supreme Court's decision. It would also preserve judicial and litigation resources by ensuring that this Court and the parties do not proceed through oral argument or decision without the benefit of the Supreme Court's guidance in *NRC v. Texas*, which could establish that this Court is unable to hear this case.

Respondents have contacted the other parties and are authorized to represent that intervenor Schools, Health and Libraries Broadband Coalition supports this motion. Petitioners oppose this motion.

## CONCLUSION

The motion should be granted, and this case held in abeyance until the Supreme Court renders its decision in *NRC v. Texas*.

| | |
|---|---|
| Dated: October 9, 2024 | Respectfully submitted, |
| /s/ *Robert J. Wiggers* | /s/ *Rachel Proctor May* |
| | P. Michele Ellison<br>　*General Counsel* |
| | Sarah Citrin<br>　*Deputy Associate General Counsel* |
| | Rachel Proctor May<br>　*Counsel* |
| Robert B. Nicholson<br>Robert J. Wiggers<br>　*Attorneys* | FEDERAL COMMUNICATIONS<br>　COMMISSION |
| U.S. DEPARTMENT OF JUSTICE<br>ANTITRUST DIVISION<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530 | 45 L Street NE<br>Washington, DC 20554<br>(202) 418-1740<br>fcclitigation@fcc.gov |
| *Counsel for Respondent*<br>　*United States of America* | *Counsel for Respondent Federal*<br>　*Communications Commission* |

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒ this document contains <u>722</u> words, *or*

    ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

>     <u>*/s/ Rachel Proctor May*</u>
>     Rachel Proctor May
>     *Counsel for Respondents*

## CERTIFICATE OF FILING AND SERVICE

I, Rachel Proctor May, hereby certify that on October 9, 2024, I filed the foregoing Respondent's Motion to Hold Case in Abeyance with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Rachel Proctor May*

Rachel Proctor May
Counsel

Federal Communications Commission
Washington, D.C. 20554
(202) 418-1740