# JONES DAY

51 LOUISIANA AVE. NW • WASHINGTON, DC 20001

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-7658
yroth@JonesDay.com

October 31, 2024

Mr. Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *Molak et al. v. FCC et al.*, No. 23-60641

Dear Mr. Cayce,

Petitioners submit this Rule 28(j) letter to apprise the panel of developments in a related case.

As Petitioners observed (Br. 28), the Declaratory Ruling expanding E-Rate to subsidize Wi-Fi on school buses was only part of a larger agenda to bulldoze the statutory language limiting E-Rate support to "classrooms," 47 U.S.C. § 254(h)(2)(A). In July 2024, after briefing in this appeal was complete, the FCC adopted a further order subsidizing Wi-Fi hotspots not just on school buses, but indeed *everywhere* students go. 89 Fed. Reg. 67,303 (Aug. 20, 2024). That "Hotspots Order" invoked the Declaratory Ruling as precedent. *Id.* at 67,318.

The Hotspots Order is unlawful for the same reasons as the Declaratory Ruling, and harms Petitioners in the same ways too. Accordingly, Petitioners challenged the Hotspots Order in this Court (No. 24-60446).

Given the FCC's position in this case that judicial review is unavailable because Petitioners did not first ask the agency to reconsider the Declaratory Ruling, Petitioners asked for reconsideration of the Hotspots Order before filing in this Court. To be sure, that was unnecessary. *See* Dkt. 41 (MTD Opp.); *Competitive Enter. Inst. v. FCC*, 970 F.3d 372, 380 (D.C. Cir. 2020) (Katsas, J.). But to avoid all doubt—and to spare both sides motion practice—Petitioners sought reconsideration anyway, pressing the same statutory argument that the FCC has consistently rejected.

Three months later, the agency *still* has not acted on that request, or indicated when it might. No statutory or regulatory deadline applies. In the meantime, however, the agency successfully invoked the reconsideration petition as grounds to dismiss the

Page 2

challenge to the Hotspots Order, claiming it rendered that order non-final as to Petitioners.  No. 24-60446, Dkt. 32-2 (Order).  In other words, what the agency says is a *prerequisite* to review here turned into an *obstacle* to review there.  All the while, unlawful funds continue to flow.

As these events show, the FCC can insulate itself from judicial review by sitting on reconsideration petitions.  That further confirms this Court should not split from the D.C. Circuit by construing § 405(a) to requite the futile exhaustion of arguments.

Respectfully submitted,

*s/ Jacob Moshe Roth*
*Counsel for Petitioners*

cc:  Counsel of Record via CM/ECF

## **CERTIFICATION**

I hereby certify that the body of this Letter, beginning with the first word after the salutation and ending with the last word before the complementary close, contains 349 words, according to the word-processing software used to prepare this Letter. I also certify that on October 31, 2024, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: October 31, 2024

*s/ Jacob Moshe Roth*
*Counsel for Petitioners*