51 LOUISIANA AVE. NW • WASHINGTON, DC 20001

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-7658
yroth@JonesDay.com

January 6, 2025

Mr. Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

  Re: *Molak et al. v. FCC et al.*, No. 23-60641

Dear Mr. Cayce,

  Petitioners submit this Rule 28(j) letter to apprise the panel of *In re MCP No. 185*, 2025 WL 16388 (6th Cir. Jan. 2, 2025). There, the Sixth Circuit set aside the FCC's latest "net neutrality" order after concluding that broadband internet service providers offer an "information service," as opposed to a "telecommunications service," under the text of the Communications Act of 1934, as amended by the Telecommunications Act of 1996. *Id.* at *1.

  The Sixth Circuit's decision slams the door on the FCC's contention in this case that the Declaratory Ruling expanding E-Rate subsidies for Wi-Fi on school buses is authorized by 47 U.S.C. § 254(h)(1)(B). That provision permits the FCC to subsidize "telecommunications carriers," *i.e.*, those offering *telecommunications* services. *Id.* As the Sixth Circuit explained, however, broadband internet service is an information service, not a telecommunications service. 2025 WL 13688, at *5–10. There is thus a mismatch between what the Declaratory Ruling does and what § 254(h)(1)(B) allows. Put simply, the FCC cannot ground the Declaratory Ruling in § 254(h)(1)(B) alone. *See* Molak Reply Br. 15–18 (Dkt. 103) (elaborating on this point).

  Petitioners also wish to inform the panel that, after nearly six months, they are *still* waiting on the FCC to rule on their July 2024 request that the agency reconsider its related "Hotspots Order," which subsidizes Wi-Fi hotspots anywhere students go. As Petitioners explained in a prior letter (Dkt. 156), they asked the FCC to reconsider the Hotspots Order in light of the agency's (incorrect) position in this case that 47 U.S.C. § 405(a) makes a reconsideration petition a prerequisite to judicial review. Yet it seems the FCC is content to ignore the petition for reconsideration, safe in the belief that as long as the petition remains pending the agency can both implement its unlawful policy and avoid judicial review.

In short, for the FCC, § 405(a) reads "heads I win, tails you lose." That is lawless. This Court should reject the FCC's outlier interpretation of § 405(a), reach the merits, and set aside the Declaratory Ruling.

Respectfully submitted,

*s/ Jacob Moshe Roth*
*Counsel for Petitioners*

cc: Counsel of Record via CM/ECF

## **CERTIFICATION**

I hereby certify that the body of this Letter, beginning with the first word after the salutation and ending with the last word before the complementary close, contains 342 words, according to the word-processing software used to prepare this Letter. I also certify that on January 6, 2025, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: January 6, 2025

*s/ Jacob Moshe Roth*
*Counsel for Petitioners*