

Federal Communications Commission
Washington, D.C. 20554

January 7, 2025

Mr. Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

     Re: *Molak et al. v. FCC et al.*, No. 23-60641

Dear Mr. Cayce:

     I write to respond to petitioners' Rule 28(j) letter dated January 6, 2025. The Sixth Circuit's decision in *In re MCP* No. 185, 2025 WL 16388 (6th Cir. Jan. 2, 2025), has no bearing on this case because respondents' arguments do not depend on the classification of Internet access service as a telecommunications service. *See* Respondents' Brief at 2 n.8 (noting the Commission order reclassifying Internet access, but explaining that 47 U.S.C. § 254(h)(1)(B) authorizes discounts for Internet access even when "classified as an information service").

     As respondents have explained in their brief and at argument: The Commission's longstanding interpretation, which is grounded in the text of the statute, is that Section 254(h)(1)(B) authorizes discounts for both "telecommunications services" and "information services" when those services are provided by telecommunications carriers. *See* Respondents' Brief at 38-40. Petitioners waived their contrary argument by not raising it before the Commission, *id.* at 39 (citing 47 U.S.C. § 405(a)), but in any event, their argument is still wrong.

     By its plain text, Section 254(h)(1)(B) applies to "services" provided by telecommunications carriers, and so does Section 254(c)(3), which defines the scope of Section 254(h)(1)(B) discounts. Congress knows how to say "telecommunications services," and it used that precise term in the provision authorizing discounts for rural health providers, which immediately precedes Section 254(h)(1)(B). *See* 47 U.S.C. § 254(h)(1)(A). Congress also referred to the

provision of "Internet access" pursuant to Section 254(h)(1)(B) in subsequent amendments codified at 47 U.S.C. § 254(h)(5)(A)(i) and (ii). "Services" in Section 254(h)(1)(B) is thus best interpreted to include both telecommunications and information services.

        Respectfully submitted,

        /s/ *Rachel Proctor May*
        Counsel for the FCC

Cc:  Counsel of Record via CM/ECF