
Federal Communications Commission
Office of General Counsel—Litigation Division
45 L Street NE • Washington, DC 20554
Tel: (202) 418-1740 • Fax: (202) 418-2819

February 14, 2025

Mr. Lyle W. Cayce
Clerk, U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *Molak v. FCC*, No. 23-60641 (oral argument held November 4, 2024)

Dear Mr. Cayce:

Respondents, the FCC and the United States, have argued that the Molaks' challenge to the FCC's authority for the Declaratory Ruling under review is barred by both 47 U.S.C. § 405(a)(1) and (a)(2). *E.g.*, Mot. to Dismiss at 10–12; Resp. Br. 25–26, 37, 39. After oral argument, the FCC underwent a change in leadership and has had further opportunity to reflect on those contentions. We wish to inform the Court that, as a result, the Commission no longer defends the position that the Molaks' challenge to the Declaratory Ruling is barred by either prong of Section 405(a). *See Competitive Enter. Inst. v. FCC*, 970 F.3d 372, 380 (D.C. Cir. 2020). We make no representation as to the position of the United States.

As explained in the Molaks' briefing—and by their counsel at oral argument—many people urged the Commission not to adopt the Declaratory Ruling because it exceeds the agency's statutory authority. In particular, then-Commissioner (now Chairman) Carr stated in his dissent that 47 U.S.C. § 254(h)(2)(A) limits support to "classrooms," and that "Section 254(h)(1)(B) does not authorize the FCC to support, as relevant here, any service that the FCC says serves an educational purpose." Carr Statement at n.1. In the circumstances of this case, therefore, we believe that the Commission had a fair opportunity to pass on the questions presented by the Molaks' claim that the Declaratory Ruling exceeded the Commission's statutory authority, and a petition for reconsideration was not required to raise those arguments for this Court's consideration. We thus no longer believe that Section 405(a) blocks judicial review in this case.

The Commission continues to adhere, however, to its previously expressed position that Article III and the Hobbs Act preclude review of the Molaks' claims. *E.g.*, Mot. to Dismiss 12–16; Resp. Br. 26–28, 29–31. If, nevertheless, the Court

concludes that it has subject-matter jurisdiction under Article III, and that judicial review is available under the Hobbs Act, it is the Commission's view that the Court should reach the merits of the Molaks' statutory challenges to the Declaratory Ruling.

    Respectfully submitted,

    /s/ Sarah E. Citrin

    Sarah E. Citrin
    *Deputy Associate General Counsel*

cc:    Counsel of Record via CM/ECF